[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
CT Page 5857
The plaintiff, by first amended complaint dated July 24, 1998, alleges in Count Two a breach of fiduciary duty of the defendant, and alleges in Count Five a violation of CUTPA C.G.S. 42-110. The defendant moves to strike each of these counts.
 I. The Claim of Breach of Fiduciary Duty
The second count of the complaint, paragraph 19 thereof, claims that the defendant was required to contact Morse's students and loan services directly to determine and negotiatethe status of specific loans. The count also alleges that the defendant was to advise the plaintiff as to the percentage of loans in default so as to allow the plaintiff to know where it stood in relationship to a 25% default rate which, if exceeded, would jeopardize the plaintiff's ability to participate in the federal student loan program.
"Fiduciaries appear in various forms, including agents, patrons, lawyers, directors, trustees, executors, receivers, bailees and guardians. Equity has carefully refrained from defining a fiduciary in precise detail and in such a manner as to exclude new situations." Kenover Development Corp. v. Zeller,228 Conn. 206, 222, 223 (1994). See also Durnham v. Durnham,204 Conn. 303 (1987) and the decisions reported therein.
The concept of a fiduciary duty has not been extended to encompass circumstances whereby a party assigns to another, as an independent contractor, a duty to perform certain work or services upon property owned by the party. Were that to be the case all independent contractors would automatically become fiduciaries. Hence the allegations of the defendant's failure to properly report the default rate would not give rise to a fiduciary entrustment under the law of this state.
However the plaintiff claims in paragraph 19 of the second count, that the defendant "had the right to negotiate the status of specific loans." To the extent that the allegations may be interpreted to mean that the plaintiff turned over to the defendant the right to change and alter the terms of the loans, unilaterally, without consent of the plaintiff, it would appear CT Page 5858 that the entrustment of this asset to the defendant together with that given power can give rise to a claim of the existence of a fiduciary relationship. Further, it would then be a question of fact as to whether the defendant had breached such a fiduciary relationship.
The motion to strike the second count is denied.
 II. The Claim of Violation of CUTPA
The defendant claims in this motion that the plaintiff's allegation concerning CUTPA is merely an allegation of breach of contract and hence this is insufficient to constitute a violation of CUTPA. If this were to be the circumstances of this pleading the defendant would have properly called to the attention of this court the various Superior Court decisions which have reached that determination.
The plaintiff however alleges circumstances which transcend mere breach of contract. In paragraph 16 of the first count, incorporated in the fifth count, CUTPA, the plaintiff alleges that even after the defendant knew that it had processed and reported grossly inaccurate information to Morse it took no meaningful action to correct the previously provided inaccurate information.
The plaintiff claims in paragraph 28, that the defendant made false representations, in fact month after month, which is sufficiently broad to allow proof of such continuing conduct after it learned of the inaccuracy of the figures.
It is a question of fact as to whether this conduct did occur and "whether it is immoral, unethical, oppressive or unscrupulous." Williams Ford v. Hartford Courant, 232 Conn. 559,591 (1995).
For the reasons set forth herein the motion to strike the fifth count of the complaint, CUTPA, is denied.
P. Sullivan, J.